# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2434

JASON E. BAINBRIDGE,
Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Keli M. Neary, No. 3:21-cv-01895

Before: PHIPPS, FREEMAN, and BOVE, *Circuit Judges*
Submitted May 29, 2026; Decided Jun. 5, 2026

_____

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*.   Plaintiff appeals the District Court's grant of summary judgment on two of his employment-discrimination claims.   He has failed, however, to identify a material factual dispute.   Accordingly, we will affirm.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.   The Bureau of Prisons employed Plaintiff for 22 years, including six years as a correctional counselor at a federal prison in Pennsylvania.   Toward the end of his career, Plaintiff struggled on the job because of issues outside of work.

---

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

In January 2020, Plaintiff sent an email to the prison administrator indicating that he was "in a very rough spot" and at his "wits end." A352. The administrator referred Plaintiff to the Employee Assistance Program. The following month, based on a doctor's recommendation, the administrator placed Plaintiff on a Temporary Job Modification. In September 2020, Plaintiff formally requested an accommodation. In response, the Office of Personnel Management concluded that Plaintiff was disabled from his position.

Plaintiff exhausted his administrative remedies and later filed five federal claims. As relevant here, he pursued failure-to-accommodate and disability-discrimination theories under the Rehabilitation Act. *See* 29 U.S.C. § 794(a). Following discovery, the District Court granted Defendant's motion for summary judgment. Plaintiff timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We conduct de novo review of the District Court's grant of summary judgment. *Massey v. Borough of Bergenfield*, 169 F.4th 188, 193 (3d Cir. 2026).[1]

## III.

Plaintiff has not identified reversible error in the District Court's thorough opinion. As to the failure-to-accommodate claim, Plaintiff requested an accommodation four months after he admits he became unable to work with or without an accommodation. In any event, we agree with the District Court that Plaintiff's accommodation request was

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

legally deficient even if well-intentioned. Plaintiff asked to be "excused" from certain of his core duties as a counselor. A404. But "employers are not required to modify the essential functions of a job in order to accommodate an employee." *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 232 (3d Cir. 2000). Plaintiff's willingness to "consider offers of reassignment" was also too vague to suffice. A404. Summary judgment was appropriate because, "after a full opportunity for discovery," Plaintiff could not point to a suitable available position. *Donahue*, 224 F.3d at 234. That proposition holds even if, as Plaintiff claims, his employer "failed to engage in good faith in the interactive process." *Id.*

Plaintiff references but hardly explains—and therefore abandons—his appeal relating to the disability-discrimination claim. Fed. R. App. P. 28(a)(8); *see also Sec'y United States Dep't of Lab. v. Nursing Home Care Mgmt. Inc.*, 128 F.4th 146, 158 n.1 (3d Cir. 2025). In any event, the District Court dutifully and correctly applied the *McDonnell Douglas* framework. The "ultimate question" was whether "the defendant intentionally discriminated against the plaintiff." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981). Plaintiff did not adduce enough evidence to create a factual dispute regarding a discriminatory adverse employment action in light of the undisputed evidence regarding tardiness, absenteeism, an admitted inability to do important parts of the job, and an incident in which Plaintiff expunged two incident reports without following appropriate procedures. Accordingly, we will affirm.

3